UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACOB D., | ) |
| Plaintiff, | ) No. 20-cv-0554 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacob D.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [dkt. 21] is GRANTED and the Commissioner's motion for summary judgment [dkt. 26] is DENIED; the Court hereby remands this matter for further proceedings.

**1. Procedural History**

Plaintiff protectively filed for both Disability Insurance Benefits and Supplemental Security Income on November 11, 2016, alleging a disability onset date of August 21, 2016. [Administrative Record ("R.") 13.] Plaintiff's claims were denied initially and upon reconsideration. *Id.* On February 7, 2019, after an administrative hearing, Administrative Law Judge ("ALJ") Kimberly S. Cromer issued an unfavorable decision. [R. 13-27.] Plaintiff requested Appeals Council review, which was denied on December 16, 2019 [R. 1-4], causing the ALJ's November 26, 2019 decision to constitute the final decision of the Commissioner. 20 C.F.R. §404.981. Plaintiff filed the instant action on January 24,

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 21], which the Court construes as a motion for summary judgment.

2020, seeking review of the Commissioner's decision. [Dkt. 1.]

**2.    The ALJ's Decision**

On February 7, 2019, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 13-27.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 21, 2016. [R. 16.] At Step Two, the ALJ found that Plaintiff had the severe impairments of irritable bowel syndrome ("IBS") symptoms; chronic gout; anxiety, morbid obesity, and sleep apnea. [R. 16.] The ALJ determined that Plaintiff's hepatic steatosis, acute cholecystitis, and benign hypertension were nonsevere impairments. *Id.* At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 16-19.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; he cannot work at unprotected heights or around hazardous machinery; he cannot do commercial driving; he should work on a flat even surface and avoid concentrated exposure to vibration; he can perform simple, routine tasks with occasional interaction with coworkers, supervisors, and the general public; he should not do tandem work; and he should work at a variable rate (no work where the machine sets the pace or where his work is tied to an assembly line). [R. 19-25.]

At Step Four, the ALJ determined that Plaintiff was not capable of performing any of his past relevant work. [R. 25-26.] At Step Five, however, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. [R. 26-27.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R. 27.]

2

**3.     Social Security Regulations and Standard of Review**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

**4.     Discussion**

In the instant matter, the ALJ found that Plaintiff had the severe impairments of irritable bowel syndrome ("IBS") symptoms; chronic gout; anxiety, morbid obesity, and sleep apnea. [R. 16.] "A severe impairment is one that significantly limits an individual's ability to perform basic work activities." *Million v. Astrue*, 260 F. App'x 918, 922 (7th Cir. 2008); *see also*, 20 C.F.R. § 404.1520(c); SSR 16-3P. "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Desiree B. v. Saul*, 2019 WL 6130814, at *3 (N.D. Ill. Nov. 19, 2019) (collecting cases). As to accommodations for severe impairments within the RFC, the RFC assessment "must include a narrative discussion describing how the evidence supports each

3

conclusion, citing specific medical facts." SSR 96-8p; *accord Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("contrary to SSR 96-8p, however, the ALJ did not explain how he arrived at these conclusions; this omission in itself is sufficient to warrant reversal of the ALJ's decision.").

Plaintiff alleges, *inter alia*, that the ALJ's RFC assessment improperly account for Plaintiff's severe impairments (and fails to explain how it accommodates those it does "accommodate"), including Plaintiff's IBS/abdominal symptoms, morbid obesity, and sleep apnea. Specifically, as to the RFC accommodating these limitations, Plaintiff alleges that although the ALJ stated that certain evidence supported certain limitations, she did not provide the requisite explanation of *how* the evidence supported the limitations. The Court agrees, and addresses the ALJ's treatment of these three issues below, as well as the issue of off-task time. The Court remands on these bases.

### 4.1 Plaintiff's IBS and Associated Abdominal Symptoms

The ALJ found that Plaintiff had severe IBS. [R. 16.] The ALJ then determined that sedentary work with no climbing of "ladders, ropes, or scaffolds" and "no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling" accommodated Plaintiff's "pain symptoms related to his irritable bowel syndrome symptoms." [R. 22.] Not only does the ALJ fail to explain how she came to the conclusion these limitations would be sufficient to accommodate IBS, but the ALJ erroneously failed to account for any bathroom breaks Plaintiff would need.[3] *Manker v. Berryhill*, 2017 WL 6569719, at *4 (N.D. Ill. Dec. 22, 2017) (despite evidence and testimony of IBS problems, "ALJ failed to account for claimant's potential need to take such frequent and unscheduled breaks in formulating the RFC or to further develop claimant's testimony to determine the length of such bathroom breaks."). Plaintiff testified that he needed to urinate almost constantly and needed to

---

[3] The Commissioner argues that the objective evidence and examination notes demonstrated no abnormal findings and that this evidence contradicted the alleged need for frequent bathroom breaks and severe nausea. [Dkt. 27, p. 15.] However, the ALJ did not make this conclusion using this evidence. [R. 19-25.] Therefore, Commissioner's argument constitutes impermissible *post-hoc* rationalization *See Harefy v. Berryhill*, 908 F.3d 309, 313 (7th Cir. 2018) ("ALJ's decision cannot be defended on a basis not articulated in her order.").

defecate 12 times a day for 40 minutes at a time. [R. 47-48.] He testified that he spent six to eight hours a day in the bathroom. [*Id.*] He had IBS flare-ups two, ten, or more times daily, that forced him into a bathroom within 10 to 15 minutes. [R. 47-48, 297, 542, 829.] The ALJ asked the vocational expert about someone whose symptoms caused them to be off-task 20% of the time and the VE responded that would be work preclusive. [R. 67.] This is the same type of evidence looked at in *Manker* that caused the Court find "the ALJ's failure to determine the frequency and duration of [c]laimant's required bathroom breaks and the practical workday limitations resulting therefrom is an error requiring remand." *Manker*, 2017 WL 6569719, at *4. Likewise, in *Sikorski v. Berryhill*, the Seventh Circuit has held it an error where an ALJ fails to make a finding regarding the required length or frequency of bathroom breaks in cases where that may affect the claimant's ability to maintain full time work (as the VE testified to here). 690 Fed. App'x 429, 433 (7th Cir. 2017). Moreover, Plaintiff's own testimony was evidence enough to establish the limiting effects of his IBS. *Scott v. Astrue*, 647 F.3d 734, 740-41 (7th Cir. 2011) (while plaintiff bears burden of producing evidence of impairments, plaintiff's testimony constitutes this type of evidence and "[i]f the ALJ found this evidence insufficient, it was her responsibility to recognize the need for additional medical evaluations."). The Court must remand on the ALJ's failure to properly accommodate Plaintiff's IBS.

Plaintiff's abdominal problems also consisted of nausea. After a May 16, 2017 surgery for gallstones, Plaintiff continued to report abdominal pain and discomfort to his physicians, as well as diarrhea and nausea. [R. 356, 470, 488, 715, 722, 732, 738-39, 752, 761, 778, 786, 800, 829.] Plaintiff testified he is persistently nauseous for six to seven hours a day. [R. 48.] Every other day he needed to vomit, and at home, he kept a bucket nearby if he could not make it to the bathroom in time. [R. 48-49.] The ALJ considered Plaintiff's nausea and then, "to account for his nausea symptoms, the [ALJ] has provided for [Plaintiff] to work on a flat even surface and to avoid concentrated exposure to vibration." [R. 23.]

However, it appears this accommodation was crafted from whole cloth, as it is unsupported by medical evidence or testimony. *See Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 450 (2d Cir. 2012) (citing *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) (evidence cannot be substantial if it is 'conjured out of whole cloth.'"). An ALJ cannot ascribe an RFC to a claimant that is unsupported by the medical evidence. *Garcia v. Colvin*, 741 F.3d 758, 762 (7th Cir. 2013) ("No evidence supports this []conclusion. No physician testified - no medical records revealed - that [the claimant] has the [RFC] ascribed to him by the [ALJ]"); *see also Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (ALJ cannot make conclusions without evidence); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (ALJ cannot interpret objective medical evidence). An ALJ also cannot substitute an evidentiary gap with speculation. *See White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999). It was speculation for the ALJ to have decided that "work on a flat even surface" with avoidance of "concentrated exposure to vibration" accommodated Plaintiff's nausea. [R. 23.] Nothing in the record suggested Plaintiff's nausea was produced by working on uneven surfaces or exposure to vibration, as it was tied to his chronic gastrointestinal conditions, not his physical surroundings. [R. 370, 800.] Ultimately, the ALJ erred by interpreting the medical record herself and making a speculative RFC assessment, unsupported by the record evidence, that allegedly accommodated Plaintiff's nausea. *Stage*, 812 F.3d 1125; *Myles*, 582 F.3d at 677-78; *White*, 167 F.3d at 375. The Court remands based on this error.

### 4.2 Plaintiff's Obesity

Plaintiff was morbidly obese, with a BMI of 47. [R. 16, 22, 345, 400, 435, 475, 502, 509, 537, 584, 716, 780, 789.] The ALJ discounted the State agency non-examining doctors' opinions because they did not account for new evidence of Plaintiff's obesity. [R. 22.] The ALJ then limited Plaintiff to no climbing of "ladders, ropes, or scaffolds" and "no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling" because these limitations accommodate "the effect obesity has on his mobility." [R. 22.] However, the ALJ failed to explain *how* these

limitations accommodated his obesity. [R. 19-25.] The ALJ did not, for example, explain why she limited Plaintiff's postural activities, but did not limit his time standing, walking, or sitting. *Browning v. Colvin*, 766 F.3d 702, 707 (7th Cir. 2014) (sedentary work requires sitting for extended periods and sitting for extended periods may be prohibitively painful for morbidly obese claimants).

Morbidly obese claimants have limited mobility that can be disabling. *Browning v. Colvin*, 766 F.3d 702, 707 (7th Cir. 2014); *Aranda v. Berryhill*, 312 F.Supp.3d 685, 691-92 (N.D. Ill. 2018) (remand based on ALJ's finding that claimant could perform sedentary work despite being morbidly obese and having pain symptoms); *Liggins v. Colvin*, 593 Fed. Appx. 654, 568 (7th Cir. 2015) (ALJ erred for not accounting, in hypothetical to the VE, for how claimant's obesity impacted his ability to sit). The ALJ here failed to account for mobility issues including standing, walking, or sitting. Further, while obesity may not be disabling on its own, it can aggravate pain.[4] *Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014). The ALJ failed to consider how Plaintiff's obesity might affect his pain. Even if the Court were persuaded (it is not) the ALJ had adequately explained how certain limitations accommodated Plaintiff's obesity whilst others did not, the ALJ still failed to consider the effects of Plaintiff's obesity in the aggregate, as she is required to do. SSR 02-1p3.[5] These omissions are particularly significant here because evidence of Plaintiff's obesity contributed to the ALJ decision to reject the State agency's opinions on physical RFC, because the reviewers did not have the obesity evidence before them at the time they rendered their opinions. [R. 22.] The Court must remand on the ALJ's inadequate consideration of Plaintiff's obesity.

**4.3  Sleep Apnea**

After a June 26, 2017 sleep study, Plaintiff was diagnosed with mild obstructive sleep apnea.

---

[4]  The Record replete with mention of Plaintiff's abdominal and foot pain. [R. 49-54, 244-45, 290, 297; 318, 336, 339, 370, 389, 392, 429, 439, 470, 472, 488, 494, 500, 513, 521-22, 715, 722, 732, 738-39, 752, 761, 778, 786, 800, 829, 855, 957.] Plaintiff was even hospitalized for pain on more than one occasion. [R. 429, 439, 957.]

[5]  SSR 02-1 p was in effect at the time of this decision, but has since been replaced by SSR 19-2p.

7

[R. 435.] Plaintiff also complained to his health care providers of daily fatigue and he was diagnosed with daytime sleepiness and chronic fatigue. [R. 345, 530, 535, 537, 583, 599, 600, 738, 778, 781, 959.] Likewise, his depression and pain kept him from sleeping, and medication also caused fatigue. [R. 50, 244-45, 251.] Further, his abdominal problems prevented him from eating, which treating physician Dr. Sharon L. Duval, M.D. opined contributed to his fatigue. [R. 535.] Treating counselor Ms. Raquel Doyle, MA, LCPC, also diagnosed Plaintiff with major depressive disorder manifesting in interrupted sleep, fatigue, and loss of energy. [R. 369.]

The ALJ determined that Plaintiff's sleep apnea was a severe impairment. [R. 16.] In accounting for Plaintiff's sleep apnea and associated sleep-related problems, the ALJ found that restricting Plaintiff from work at unprotected heights, around hazardous machinery, or commercial driving, accommodated his sleep apnea and associated fatigue. [R. 22.] However, once again, the ALJ failed to explain with specificity just how the evidence led to this RFC assessment. SSR 96-8p; accord *Briscoe*, 425 F.3d at 352; *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (ALJ must provide sufficient detail in analysis to allow a court to trace the path of their reasoning). The ALJ not only failed to draw a logical bridge from the symptom evidence to these RFC limitations, but she also failed to provide the necessary "narrative discussion" of how that evidence supported the conclusions. The Court is at a loss as to what evidence would indicate these particular limitations would accommodate Plaintiff's severe sleep apnea and associated sleep impairments. The Court must remand on this basis.

### 4.4 Off-Task Time

It is a long-held canon of Social Security law that "[a]n administrative law judge may not ask a vocational expert a hypothetical question based on substantial evidence and then ignore unfavorable answers." *Campbell v. Bowen*, 822 F.2d 1518, 1523 (10th Cir. 1987). In the instant matter, despite specifically contemplating the issue of off-task time, the ALJ then failed to come to any conclusion regarding the off-task time she asked the VE to consider, which is the antithesis of the logical bridge

required of ALJs. Specifically, the ALJ in this case pointedly solicited from the VE his opinions concerning Plaintiff's off-task time (pegging that figure at 20% off-task), meaning the ALJ *did* specifically consider this issue. [R. 67.] *See Gregory W. v. Saul*, 2020 WL 4816075, at *5 (N.D. Ill. Aug. 18, 2020) (collecting cases for proposition that ALJ does consider a particular limitation specifically because ALJ asks VE to consider that limitation in rendering opinions). However, the ALJ included no off-task discussion or finding or in her decision. [R. 13-27.]

The Court cannot consider this a harmless error, particularly because the VE testified Plaintiff would be unemployable under a hypothetical where he would be off task more than 10% to 12% of the time. [R. 67.] Although the ALJ did not explain what evidence necessitated such a question to the VE, it nonetheless appears the ALJ had reason to believe Plaintiff might be off task at least 20% of the time, or there would be no reason to have posed this hypothetical to the VE. Presumably, this 20% hypothetical described Plaintiff Jacob D.'s conditions and limitations and not some other claimant or scenario pulled from thin air. While an ALJ is not bound to any hypothetical, it is clear here the ALJ considered the issue of off-task time, but then failed to provide any analysis of whether, for example, Plaintiff was limited by any off-task allowances and, if, so, for how long. *See*, *e.g.*, *Washington v. Colvin*, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013) (reversing for failure to provide logical bridge as to percentage of time Plaintiff would be off task). This is error, as there is no logical bridge to follow to any conclusion about off-task time. *See Steele*, 290 F.3d at 941. In light of Plaintiff's severe IBS and related abdominal issues and the evidence concerning the same and its potential to take Plaintiff off-task for significant portions of the day, this is not an insignificant issue for the ALJ to have raised and then discarded. While the medical record could conceivably support an off-task limitation within the RFC, it is not for the Court to say whether it does. If, on remand, the ALJ finds it still does not, she must fill in the gaps in her logic she failed to detail in her February 7, 2019 decision. [R. 13-27.] The Court remands on this basis.

9

**5. Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment [dkt. 21] is GRANTED and the Commissioner's motion for summary judgment [dkt. 26] is DENIED.

Entered: August 19, 2021

                                                Susan E. Cox,
United States Magistrate Judge